UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERIK COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CV-80-KAC-DCP |
| | ) | |
| PANDA EXPRESS, INC., | ) | |
| JOSEPH MANNING, | ) | |
| DEREK HANSON, | ) | |
| THOMAS HART, | ) | |
| JESSICA ROMERO, | ) | |
| CITY OF SEVIERVILLE, and | ) | |
| DOES 2–10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion for Extension of Time to File Responsive Pleading to Plaintiff's First Amended Complaint [Doc. 29], filed by Defendant Jessica Romero ("Defendant Romero"). Plaintiff has responded in opposition to the motion [Doc. 35], and Defendant Romero has filed a reply [Doc. 40].

In addition, Plaintiff filed the Motion for Leave to File Surreply to Defendant Jessica Romero's Reply [] to Plaintiff's Response in Opposition to Defendant Jessica Romero's Motion for Extension of Time to File Responsive Pleading to Plaintiff's First Amended Complaint ("Motion to File Sur-reply") [Doc. 43], Defendant Romero filed a response in opposition [Doc. 46], and Plaintiff filed a reply [Doc. 47].

These motions are ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS** Defendant Romero's motion [**Doc. 29**] and **DENIES** Plaintiff's motion [**Doc. 43**].

I.   BACKGROUND

On February 26, 2025, Plaintiff filed a Complaint [Doc. 1]. Later, on March 17, 2025, Plaintiff filed the executed summons for Defendant Romero, signed by Sevier County Constable, Billy Seagle [Doc. 7 p. 12]. Constable Seagle states that he personally served Defendant Romero with the Complaint on March 5, 2025 [*Id.*]. Prior to Defendant Romero's time for responding to the Complaint expired, *see* Fed. R. Civ. P. 12(b), Plaintiff filed the First Amended Complaint [Doc. 9]. On April 14, 2025, Plaintiff filed the Declaration of Service of First Amended Complaint Upon Defendants Panda Express, Inc. and Jessica Romero, signed by Constable Seagle [Doc. 22]. He states that he personally served Defendant Romero with the First Amended Complaint on April 9, 2025 [*Id.*].

On April 28, 2025, Plaintiff moved for default judgment against Defendant Romero, arguing that she had failed to respond to the Complaint [Doc. 27]. That same day, the Clerk's office entered a notice that Plaintiff's request was not in accordance with the two-step process under Rule 55 of the Federal Rules of Civil Procedure [Doc. 28].

Also, on the same day, Defendant Romero filed the instant motion [Doc. 29]. She notes that the original summons was issued to "Doe 1 ("Jessica R.")" [*Id.* ¶ 2 (citation omitted)]. Despite Plaintiff amending his Complaint on March 24, Defendant Romero states that he did not reissue the summons to her [*Id.* ¶¶ 3–4]. She requests an extension until May 7, 2025, to respond because "[t]he First Amended Complaint is 124 pages long with over 784 separate paragraphs" [*Id.* ¶ 5]. In addition, she only recently retained her counsel [*Id.* ¶ 6]. Defendant Romero states that under

the circumstances, she has shown good cause for the extension and that Plaintiff will not be prejudiced by the extension [*Id*. ¶¶ 9–10].

On May 5, 2025, Plaintiff filed a request asking that the Clerk enter a default against Defendant Romero [Doc. 36].[1] In addition, he responded in opposition to the motion, arguing that she has failed to show good cause for the extension [Doc. 35]. He claims that Defendant Romero received service of process on March 5, 2025 [*Id*. at 2 (citation omitted)]. Given that, Plaintiff argues that her response was due March 26, 2025 [*Id*. at 3]. Plaintiff notes that Defendant Romero's counsel filed a notice of appearance one month following her deadline to respond to the Complaint [*Id*.]. In addition, he states, Defendant Romero filed her motion one day after Plaintiff sought default judgment against her [*Id*.]. Plaintiff contends that his "First Amended Complaint identified Defendant Jessica Romero as 'DOE 1,' 'Ms. R.,' and 'Jessica R.' as named in the original Complaint, leaving no doubt to anyone involved about [her] true identity" [*Id*.]. Plaintiff submits that on April 9, 2025, Constable Seagle served the First Amended Complaint on Defendant Romero and that she did not respond by the deadline of April 23, 2025 [*Id*. at 4]. He accuses her of "willful ignorance of the Federal Rules of Civil Procedure" and "gamesmanship" [*Id*. at 5]. Plaintiff thereafter responds to each paragraph in Defendant Romero's motion [*Id*. at 6–10].[2]

Defendant Romero filed a reply, detailing the parties' previous filings [Doc. 40 pp. 1–2]. She states that she has now responded to Plaintiff's First Amended Complaint [*Id*. at 2].[3] She

---

[1] The Clerk has not entered a default against Defendant Romero.

[2] Plaintiff also requests that the Court consider his response "because he did not receive notice of the Court's Order [Doc. 21] shortening the briefing period until Sunday, May 4, 2025" [Doc. 35]. The Court has already granted this request [Doc. 37].

[3] On May 1, 2025, Defendant Romero and Panda Express filed a Motion to Strike Plaintiff's First Amended Complaint Pursuant to Rule 12(f), or in the alternative, a Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) [Doc. 32].

3

argues that she has established good cause for an extension [*Id*. at 3]. She claims "that [she] is an individual defendant faced with a burdensome task of responding to a 126-page, 784 paragraph First Amended Complaint" [*Id*.]. Defendant Romero argues that Plaintiff will suffer no harm if an extension is granted and that all the other Defendants were granted additional time to respond [*Id*.]. She states that she only recently retained counsel [*Id*.]. Because her counsel is the same as counsel for Defendant Panda Express, "this . . . involv[ed] an inquiry into the ability of [c]ounsel to represent multiple defendants" [*Id*.]. She contends that "default judgments are a 'disfavored step'" [*Id*. at 4]. Defendant Romero asserts, "This is not such an extreme case[,] and [she] . . . requests that this Court deny entry of Plaintiff's request for entry of default" [*Id*.].[4]

## II.     ANALYSIS

The Court finds that a sur-reply on this matter is not necessary and that Defendant Romero is entitled to an extension of time.

### A.     Plaintiff's Motion to File Sur-reply

Plaintiff seeks leave to file a sur-reply pursuant to Rule 7.1(d) of the Local Rules [Doc. 43]. For grounds, he states that Defendant Romero raises new arguments in her reply brief that he would like to address [*Id*. at 3]. Plaintiff details each point in Defendant Romero's reply brief in support of his argument that he should have the opportunity to respond [*Id*. at 3–6]. He also seeks a motion hearing [*Id*. at 6–7].

Defendant Romero filed a response in opposition to the motion [Doc. 46]. She asserts that a sur-reply is unnecessary [*Id*. at 2–3]. In addition, she claims that "Plaintiff has failed to articulate a sufficient basis for a motion hearing" [*Id*. at 3].

---

[4]     The parties reference Plaintiff's request for default in their filings, and the Court has reviewed the filings related to that request [*See* Doc. 36 & 44].

Plaintiff filed a reply, stating that he has "establishe[d] nine occurrences in Defendant's 5-plus page reply" where she attempts to "introduce new arguments" [Doc. 47 p. 3 (citation omitted)]. He states that a motion hearing is necessary to resolve "Defendant Romero's default and the falsity of her claims" [*Id*. at 4]. Plaintiff accuses "Defendant Romero and her counsel [of] hav[ing] intentionally designed a scheme to unnecessar[il]y stall, delay[,] and thwart justice sought in this action" [*Id*. at 5].

Local Rule 7.1(d) provides, "No additional briefs, affidavits, or other papers in support of or in opposition of a motion shall be filed without prior approval of the Court." E.D. Tenn. L.R. 7.1(a). The decision to permit a sur-reply is within the Court's discretion. *Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (6th Cir. 2014). "[T]he Federal Rules of Civil Procedure do not expressly permit the filings of sur-replies." *Id*. Even so, the Court may allow such filings "[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). Several courts have noted that "sur[-]replies are highly disfavored." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (quoting *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n. 4 (S.D. Tex. 2006)).

At the outset, the underlying matter is a straightforward one—that is, whether Defendant Romero is entitled to an extension to respond to the First Amended Complaint. A sur-reply and a motion hearing are not necessary. Plaintiff states that he has identified nine new points that Defendant Romero raises in her reply [Doc. 43 pp. 3–6]. For instance, Plaintiff argues that Defendant Romero asserted a new argument by referring to his First Amended Complaint as "a myriad of repetitive, redundant, and vague allegations" [Doc. 43 p. 4 (citation omitted)]. But in Defendant Romero's motion, she noted the length of the First Amended Complaint [*see* Doc. 29

5

p. 2], Plaintiff responded that his Complaint complied with Rule 8 [*see* Doc. 35 p. 7], and Defendant Romero replied that the First Amended Complaint is "126-pages long and consists of approximately 784 paragraphs of a myriad of repetitive, redundant, and value allegations" [Doc. 40 p. 3]. Plaintiff also points to Defendant Romero's reply where she asserts that Plaintiff did not "identify any harm or unjust delay that was (or would be) caused by granting Defendant Romero the additional time to respond to Plaintiff's First Amended Complaint" [Doc. 43 p. 4 (citation omitted)]. This point was raised in Defendant Romero's motion [*See* Doc. 29 p. 2]. Plaintiff states that he would like to respond to Defendant Romero's contention that her counsel needed to "inquir[e] into the ability . . . to represent multiple defendants" [Doc. 43 p. 5 (citation and emphasis omitted)]. But this point is a response to Plaintiff's accusation that "Defendant Romero's decision demonstrates willful ignorance of the Federal Rules of Civil Procedure" and that her counsel's "Notice of Appearance . . . demonstrates gamesmanship of the Rules" [Doc. 35 p. 5].

The Court does not find these to be new arguments, but instead, Defendant Romero replies to Plaintiff's arguments. This is the purpose of a reply brief. *See* E.D. Tenn. L.R. 7.1(c) ("A reply brief shall not be used to reargue the points and authorities included in the opening brief[] but shall directly reply to the points and authorities contained in the answering brief.").

Plaintiff's remaining points relate to the procedural posture of this case, some of which relate to Plaintiff's request for entry of default against Defendant Romero [*See* Doc. 43 pp. 3–6]. Plaintiff's sur-reply will not be helpful in this regard because the Court can review the docket on its own, and it is familiar with the applicable standards. The Court therefore finds Plaintiff's Motion for Leave to File a Sur-reply [Doc. 43] not well taken.

6

B.     **Defendant Romero's Motion for Extension**

Plaintiff states that he served Defendant Romero with the First Amended Complaint on April 9, 2025. Defendant Romero's response to the First Amended Complaint was due April 23, 2025. *See* Fed. R. Civ. P. 15(a)(3) (stating that the time to respond to an amended pleading is 14 days after service of the amended pleading). She filed her motion on April 28, 2025—5 days late. The instant request therefore is governed under Rule 6 of the Federal Rules of Civil Procedure, which provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Good cause is measured by the moving party's due diligence in attempting to meet the deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citation omitted). Here, the Court finds Defendant Romero has established good cause. Defendant Romero states that the First Amended Complaint is lengthy. Indeed, the First Amended Complaint is 125 pages and includes 784 paragraphs [*See* Doc. 9 & 9-1]. Further, she explains that she had to retain counsel and that once she did, her counsel had to "inquir[e] into the ability of [c]ounsel to represent multiple defendants" [Doc. 40 p. 4]. The Court finds under these circumstances, Defendant Romero has established good cause for an extension.

But because she filed her motion after the deadline to respond to the First Amended Complaint, Defendant Romero must show excusable neglect. The Court has discretion to determine whether a party failed to act because of excusable neglect. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard." (citation omitted)). In deciding

whether excusable neglect exists, courts balance what are commonly referred to as the *Pioneer* factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger*, 467 F.3d at 522 (citing *Pioneer Inv. Servs Co. v. Brunswick Assocs., Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). The Sixth Circuit has explained that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

In exercising its discretion, the Court finds excusable neglect, largely for the same reasons above. There is no evidence that Plaintiff will be prejudiced by an extension. Indeed, if the Court denied this motion, this may lead to Defendant Romero being in default. The Court prefers to adjudicate cases on the merits. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) ("[T]he strong policy in favor of deciding cases on their merits outweighs any inconvenience to the court or [the plaintiff] resulting from the relatively short delay in answering."). Further, Defendant Romero filed her motion five days after the deadline to respond to the First Amended Complaint, and on May 1, 2025, she filed her Motion to Strike [Doc. 32]. She explains the reason for the delay was the voluminous First Amended Complaint, the need to retain counsel, and the time it took her counsel to inquire about representing multiple Defendants. There is no evidence that Defendant Romero acted in bad faith.

The Court finds an extension warranted under the circumstances.

8

Case 3:25-cv-00080-KAC-DCP   Document 48   Filed 06/20/25   Page 8 of 9   PageID #: 522

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion for Extension of Time to File Responsive Pleading to Plaintiff's First Amended Complaint [**Doc. 29**] and **DENIES** the Motion to File a Sur-reply [**Doc. 43**]. The Court will therefore consider Defendant Romero's Motion to Strike [Doc. 32].

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge