UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERIK COOPER,<br><br>Plaintiff,<br><br>v.<br><br>PANDA EXPRESS, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CV-80-KAC-DCP |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Strike Sevierville Defendants' Partial Motion to Dismiss [Doc. 81], Plaintiff's Motion to Strike Defendants Panda Express, Inc.'s and Jessica Romero's Motion to Dismiss for Violation of Order Governing Motions to Dismiss [Doc. 86],[1] and Plaintiff's Motion to Enforce Orders [Doc. 99]. The motions are ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES** the motions [**Docs. 81 and 86**] and **DENIES AS MOOT** the motion [**Doc. 99**].

## I. BACKGROUND

Plaintiff commenced this action on February 26, 2025, by filing a Complaint [Doc. 1]. On the same day, United States District Judge Katherine A. Crytzer entered an Order Governing Motions to Dismiss:

[1] Plaintiff included his response in opposition to Defendants Panda Express, Inc.'s and Jessica Romero's Motion to Dismiss in this filing [*See* Doc. 86]. United States District Judge Katherine A. Crytzer has not referred the Motion to Dismiss to the undersigned.

> A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. The duty to confer also applies to parties appearing *pro se*. Consequently, a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.
>
> MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE COURT'S MOTION.

("February Order") [Doc. 5].

About a month later, Plaintiff filed a First Amended Complaint [Doc. 9]. On August 8, 2025, the Court directed Plaintiff to file an amended Complaint given that his First Amended Complaint violated Rule 8 of the Federal Rules of Civil Procedure [Doc. 49]. Plaintiff filed his Second Amended Complaint on September 2, 2025, but he later withdrew this pleading, and the Court allowed him to file a Third Amended Complaint [Doc. 64]. Plaintiff did so on November 7, 2025 [Doc. 65].

### A. The Sevierville Defendants

In a letter dated November 13, 2025 ("November 13 Letter"), counsel for Defendants City of Sevierville, Tennessee; Joseph Manning; Derek Hanson; and Thomas Hart (collectively, "the Sevierville Defendants") outlined the alleged deficiencies in Plaintiff's Third Amended Complaint [Doc. 83-1]. They stated that they intended to file a partial motion to dismiss and were "providing this notice and opportunity to confer before filing the motion" [*Id.* at 1]. They concluded, "Defendants intend to move for dismissal of the counts identified herein unless you voluntarily dismiss within seven (7) days of the date of this letter" [*Id.* at 4].

Plaintiff claims that the November 13 Letter was postmarked November 15, 2023 [Doc. 82 p. 2; *see also* Doc. 76-1 p. 6]. He therefore did not receive the November 13 Letter until November 20, 2025 [Doc. 82 p. 2]. On November 20, 2025, Plaintiff sent defense counsel an email stating that he received the November 13 Letter "with today's mail" and therefore, the request to respond within seven days was untimely [Doc. 83-2 p. 1]. Plaintiff stated, "Please expect to hear from me by the close of business on November 25, 2025" [*Id.* (emphasis omitted)]. Defense counsel responded the same day that the Sevierville Defendants would be filing their motion to dismiss tomorrow, November 21, 2025, because their response was due, unless Plaintiff agreed not to oppose a motion for extension [Doc. 83-4 p. 11]. Plaintiff responded the same day, November 20, 2025, complaining about the untimely November 13 Letter, stating that they made no effort to contact him by other means, and declining to consent to an extension [*Id.* at 10]. Plaintiff noted, however, "[i]f your clients (or you) need additional time, please try asking in a less threatening manner" [*Id.*]. He stated he would also alert the Court to the Sevierville Defendants' meet and confer efforts [*Id.*]. The following day, on November 21, 2025, Plaintiff invited defense counsel to further discuss an extension [Doc. 83-4 p. 8].

On the same day, November 21, 2025, the Sevierville Defendants filed a motion noting that the current deadline to respond to Plaintiff's Third Amended Complaint was November 21, 2025 [Doc. 66 p. 3]. They asked for an extension to respond to the Third Amended Complaint, noting that Plaintiff sent an email on November 20, 2025, stating that he would respond to the November 13 Letter by November 25, 2025 [*Id.* at 3–4]. They therefore asked until December 5, 2025, to file a response to the Third Amended Complaint "to fully comply with the Court's [July 13] Order" [*Id.* at 3]. The Court granted this motion on November 24, 2025 [Doc. 69].

Plaintiff responded to the November 13 Letter on November 25, 2025 [Doc. 83-3]. He stated that he was "prepared to conduct a Rule 12(b) conference . . . to determine 'whether an amendment could cure a deficient pleading' and whether [the parties] are 'unable to agree that the pleading is curable by a possible amendment'" [*Id.* at 2 (citation omitted)]. Plaintiff proposed a December 1 meeting date [*Id.*].

On November 26, 2025, the Sevierville Defendants filed their Partial Motion to Dismiss [Doc. 70]. They state:

> The Defendants certify to the Court that they have engaged in good faith consultation pursuant to this Court's Order. (Doc. 5). Counsel for the Defendants gives notice that they sent a letter on November 13, 2025, to the pro se Plaintiff outlining the claims subject to dismissal and providing notice of the basis for each claim's defects. (Exhibit A). Plaintiff notified counsel for Defendants that he would respond by November 25, 2025. (Exhibit B).

[*Id.* at 2].

On December 3, 2025, Plaintiff emailed defense counsel that he did not receive a response to his November 25 Letter [Doc. 83-4 p. 6]. The following day, on December 4, 2025, defense counsel stated that he sent a letter on November 26, 2025, regarding his unavailability on December 1, 2025, and his offer for other dates [*Id.* at 4]. Defense counsel stated that he was aware of a Zoom meeting scheduled with Defendants Panda Express, Inc., and Jessica Romero and that he would join that Zoom meeting as their alleged deficiencies were similar to the Sevierville Defendants' alleged deficiencies [*Id.*]. Plaintiff wrote back on December 5, 2026, stating that he did not consent to the Sevierville Defendants participating in the Zoom meeting and that defense counsel should email time sensitive matters [*Id.* at 2–3]. According to Defendants, "Plaintiff refused to participate" in the Zoom meeting [Doc. 74 ¶ 11].

On December 12, 2025, the Sevierville Defendants filed the Notice to the Court of Setting a Telephone Conference [Doc. 78]. They represented that the parties had a telephone conference set for December 19, 2025, to discuss the alleged deficiencies in Plaintiff's Third Amended Complaint [*Id.*]. On December 19, 2025, Plaintiff filed the Notice to the Court of Fed. R. Civ. P. 12(b) Conference Conducted with Sevierville Defendants [Doc. 80]. He notes that the Sevierville Defendants conducted this conference after filing their Partial Motion to Dismiss and after asking for an extension to respond so the parties could meet and confer [*Id.* at 1–2]. He asserts that during the December 19 conference, counsel for the Sevierville Defendants "did not meet and confer in good faith" [*Id.* at 2]. Plaintiff contends, "When asked by the Plaintiff to provide foundation, context, information, or support for arguments asserted in their November 13, 2025 letter, [defense counsel] offered none, instead, repeatedly referred Plaintiff to their November 13, 2025 letter" [*Id.*]. In addition, he submits, "Mr. Spaulding[, defense counsel,] alleged Plaintiff did not offer any legal authority to counter Sevierville Defendants' arguments set forth in their Rule l2(b) letter, though no legal authority could be offered without foundation, context, information, or support offering an understanding of Sevierville Defendants' purported concerns" [*Id.* at 3]. He concludes, "The parties were unable to agree during their December 19, 2025 Rule 12(b) conference" and that "[the] Sevierville Defendants could only file a Rule 12(b) on or after December 19, 2025, not prior" [*Id.* (emphasis omitted)].

On the same day, Plaintiff filed the Motion to Strike [Doc. 81]. He asks that the Court strike the Sevierville Defendants' Partial Motion to Dismiss for violating the February Order [*Id.*].

The Sevierville Defendants respond in opposition that Plaintiff's motion is procedurally and substantively unsupported, they complied with the February Order, and that Plaintiff's request misunderstands Rule 12(b)(6) [Doc. 83].

Plaintiff replies that the Sevierville Defendants offered no explanation why their November 13 Letter was postmarked November 15 [Doc. 87 p. 2]. In addition, he argues that the Sevierville Defendants filed a motion requesting an extension to meet and confer [*Id.* at 3]. But he submits, the parties did not meet and confer until December 19, 2025, which was after the Sevierville Defendants filed their Partial Motion to Dismiss [*Id.*]. He claims that during the December 19, 2025 meet and confer, defense counsel did not meet and confer in good faith [*Id.*]. Plaintiff maintains that the Court should strike the Partial Motion to Dismiss [*Id.* at 5].

On January 23, 2026, Plaintiff filed Motion to Enforce Orders [Doc. 99]. He requests that the Court "enforce its Order and . . . strike or deny Sevierville Defendants' violative partial motion to dismiss" [Doc. 99 p. 5]. The Sevierville Defendants largely respond that this motion is duplicative of his Motion to Strike [Doc. 104]. Plaintiff replies that "[e]nforcement of [o]rders is distinct from a motion to strike" [Doc. 106 p. 5].

**B. Panda Express, Inc., and Jessica Remero**

According to Defendants Panda Express, Inc. ("Panda Express") and Jessica Romero ("Romero"), their counsel, "Elizabeth Sitgreaves, experienced a death in her immediate family, necessitating that Defendants associate additional counsel" [Doc. 90 p. 3 (citing Doc. 72)]. In a letter dated November 18, 2025 ("November 18 Letter"), these Defendants outlined the alleged deficiencies in Plaintiff's Third Amended Complaint to determine whether they could avoid filing a motion to dismiss [Doc. 86 pp. 10–13]. They sent the letter via certified and regular U.S. mail, and on November 19, 2025, they emailed it to Plaintiff and also sent it overnight by FedEx [Doc. 90 p. 3; *see also* Doc. 86 p. 21]. The November 18 Letter stated that Defendants Panda Express and Romero intended to file a motion seeking dismissal of all claims by November 21, 2025, and asked if Plaintiff would voluntarily dismiss the claims to avoid the motion [Doc. 90 p. 13]. Plaintiff

states that he received letter on November 20, 2025, one day before Defendants Panda Express and Romero's response to the Third Amended Complaint was due [Doc. 86 p. 4]. He therefore responded to Defendants Panda Express and Romero stating that he would answer the November 18 Letter by November 25, 2025 [*Id.* at 20].

The following day on November 21, 2025, Defendants Panda Express and Romero's counsel emailed Plaintiff:

> We appreciate you getting back to us. We understand that you would like until November 25th to respond. However, November 21, 2025, is the deadline set by the Court for us to file a response to your Third Amended Complaint. Given this, would you be agreeable to an extension for us to file our response by December 5th? We can file a motion today for the extension if you do not oppose.
>
> If you are not agreeable to an extension for us to respond, we will need to move forward with the filing to meet the court's deadline but remain open to a meet & confer and are open to discussing an extended deadline for you to respond to the Motion to Dismiss so that the parties could meet & confer further. If you could please let us know by 4:00 p.m. EST your position.

[*Id.* at 18–19].

Plaintiff responded that he would consider an extension but asserted "an additional 15 day extension is unreasonable" [*Id.* at 17]. On the same day, defense counsel replied:

> We requested the 15-day extension in order to provide time to meet & confer and given your position that you would not be prepared to respond until next Tuesday, November 25th. While you state that you consider a 15-day timeframe unreasonable, you do not propose any alternative timeframe. While we remain open to a meet & confer with you as previously stated, given your awareness of today's filing deadline and the inability to reach a timely agreement on an extension, we will move forward with filing our Motion to Dismiss.

[*Id.* at 16–17]. On November 21, 2026, Defendants Panda Express and Romero filed their Motion to Dismiss [Doc. 67]. It states:

> On November 18, 2025, Defendants sent a letter to Plaintiff advising that all claims against Panda Express and Ms. Romero were subject to dismissal under Rule 12(b)(6), and inquired whether Plaintiff would voluntarily dismiss the claims so that this Motion could be avoided. As of the time of filing, Plaintiff has not responded, and thus, has not advised whether an amendment could cure the deficiencies identified by Defendants. Therefore, Defendants are proceeding with this Motion to meet their deadline to respond to the Third Amended Complaint.

[*Id.* at 2]. Later that evening on November 21, 2025, Plaintiff explained why he objected to the fifteen-day extension [Doc. 86 p. 15].

On November 25, 2025, Plaintiff responded to the November 18 Letter [*Id.* at 24]. He complains that Defendants did not timely send the November 18 Letter and that they violated the Court's February Order [*Id.*]. He, however, offered times to meet and confer, noting, "My agreement to conduct any posthumous Rule 12(b) conference necessitates your clients[] filing a motion or notice of withdrawal of their motion to dismiss before our conference" [*Id.*]. The parties conducted their meet and confer via telephone on December 5, 2025 [*Id.* at 31; *see also* Doc. 73].[2]

On December 10, 2025, Plaintiff and Defendants Panda Express and Romero filed the Joint Motion for Extension of Time for Plaintiff's Response to Panda Defendants' Motion to Dismiss and for Panda Defendants' Reply to Plaintiff's Response [Doc. 75]. The parties outlined their communications and stated that because they conducted their Rule 12(b) conference on December 5, 2025, they agreed to extend Plaintiff's time to file a response to the Motion to Dismiss and for Defendants to file a reply [Doc. 75]. The Court granted that motion [Doc. 88].

In his response to the Motion to Dismiss, Plaintiff includes his Motion to Strike [Doc. 86]. He states that the motion violates the Court's February Order and that "[n]either of the Panda

[2] The parties originally scheduled a Zoom meeting, but Plaintiff declined to participate because counsel for the Sevierville Defendants joined the meeting [Doc. 86 p. 31].

Defendants nor their counsel made any effort to contact [him] by telephone to conduct a Rule 12(b) conference before the Panda Defendants filed their motion to dismiss" [*Id.* at 3 (emphasis and citation omitted)]. He outlines the parties' communications and claims that their meet and confer occurred after Defendants moved to dismiss [*Id.* at 3–6]. Plaintiff therefore asks that the Court strike the Motion to Dismiss [*Id.* at 5].

Defendants Panda Express and Romero respond in opposition that they complied with the Court's February Order [Doc. 90 pp. 2–3]. They argue that their response to the Third Amended Complaint was due November 21, 2025, and Plaintiff would not agree to an extension so that the parties could conduct their meet and confer [*Id.* at 3–4]. Regardless, Defendants Panda Express and Romero state that the parties conducted the Rule 12(b) conference on December 5, 2025 [*Id.* at 4]. They further contend that afterwards, the parties filed a joint motion for an extension in light of their conference [*Id.*]. They therefore conclude that they have met their obligations under the February Order, their Motion to Dismiss could not be avoided, and Plaintiff did not suffer any prejudice [*Id.*].

Plaintiff filed a reply arguing that Defendants Panda Express and Romero were required to comply with the February Order [Doc. 97 p. 2]. He again outlines the parties' communications and claims that "[h]ad these Defendants conducted a Rule (12)(b) conference as required prior to following their dispositive motion, the motion could have been avoided and the Court and the parties would have avoided substantial waste of resources" [*Id.*; *see also id.* at 3–4]. Plaintiff asserts that Defendants' certification in their Motion to Dismiss is false [*Id.* at 3]. Plaintiff states that although these "Defendants suggest the timing of a Rule 12(b) conference is somehow irrelevant," that argument is inconsistent with the Court's February Order that requires the

conference before the filing of a motion to dismiss [*Id.* at 4]. In addition, he claims that he was prejudiced by the failure to meet and confer [*Id.* at 5].

## II. ANALYSIS

The Court has inherent authority to "strike irrelevant, abusive, or otherwise improper materials from the docket." *Derby v. Pleasant Beach Mobile Home Resort, LLC*, No. 1:25-CV-11324, 2025 WL 2014373, at *5 (E.D. Mich. July 17, 2025); *see also Sultaana v. Jerman*, No. 1:15-cv-382, 2019 WL 6343475, at *5 (N.D. Ohio Nov. 27, 2019) ("The court may strike improvident filings based on its inherent authority to manage its docket." (citation omitted)).

"The Court considers its procedural meet-and-confer requirement to be akin to a local rule." *Romine v. Uber Techs., Inc.*, No. 3:16-CV-371, 2017 WL 11494685, at *1 (E.D. Tenn. Jan. 23, 2017). The Court's Local Rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quoting *Weil v. Neary*, 278 U.S. 160, 169 (1929)). Even so, "district courts have discretion in choosing how to enforce them." *Romine*, 2017 WL 11494685, at *1 (citation omitted). "[T]he district court is the final arbiter of its own local rules." *Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996) (citations omitted)). "The Court has broad discretion to overlook violations of its local rules." *SmartBank v. Cartron*, No. 4:19-CV-00062, 2020 WL 1897168, at *4 (E.D. Tenn. Apr. 16, 2020) (citations omitted)).

Starting with the Sevierville Defendants' Motion to Dismiss, under the circumstances of this case, the Court declines to strike it. Here, the Sevierville Defendants' November 13 Letter specifically outlined the alleged deficiencies in Plaintiff's Third Amended Complaint. Plaintiff stated that he would respond on November 25. And while he did respond to the November 13 Letter on November 25, he did not do so substantively. *See Chaves v. U.S. Dep't of Educ.*, No. 3:22-CV-261, 2025 WL 255449, at *5 (E.D. Tenn. Jan. 21, 2025) (declining to strike motions to

dismiss for failure to meet-and-confer where there was "some evidence that [the defendants] attempted to meet and confer with plaintiff"). Further, after filing their motion, the Sevierville Defendants continued to attempt to meet and confer with Plaintiff. First, they attended a Zoom conference on December 5, 2025, and Plaintiff refused to participate. Later, the parties conducted a telephone conference on December 19, 2025, wherein "[t]he parties were unable to agree" [Doc. 80 p. 3]. *See SmartBank*, 2020 WL 1897168, at *4) ("The purpose of the Court's meet and confer requirements is to give the parties an opportunity to determine whether they can avoid a motion to dismiss by allowing any flaws with the complaint to be absolved by an amended complaint.").

Plaintiff argues that the Sevierville Defendants did not meet and confer in good faith on December 19, 2025, because they referred to their November 13 Letter instead of providing Plaintiff with "foundation, context, information, or support for [their] arguments" [Doc. 80 p. 2]. But as the Sevierville Defendants note, "A motion to dismiss is evaluated solely on the four corners of the complaint, and the legal sufficiency of the pleaded allegations" [Doc. 83 p. 4 (citations omitted)]. Moreover, the November 13 Letter outlines the cases that the Sevierville Defendants assert support their arguments [*See* Doc. 83-1]. The Court finds Plaintiff's request not well taken as to these Defendants.

Similarly, the Court declines to strike Defendants Panda Express and Romero's Motion to Dismiss. These Defendants asked Plaintiff for an extension of their November 21 deadline to respond to the Third Amended Complaint, and Plaintiff would not agree to a 15-day extension. Further, after filing their Motion to Dismiss, Defendants Panda Express and Romero met and conferred with Plaintiff on December 5, 2025. Indeed, Plaintiff summarized the meet and confer as follows: "I advised you that I had reviewed your clients' concerns and determined that each concern may be resolved by my filing an amended complaint. You disagreed" [Doc. 86 p. 31]. *See*

*SmartBank*, 2020 WL 1897168, at *4. Further, the parties agreed to extensions on briefing the dispositive motions in light of the December 5 meet and confer [Doc. 75].[3]

With respect to all Defendants, the Court also observes that the parties have fully briefed the Motions to Dismiss [Docs. 70, 93, and 95; Docs. 67, 86, and 90]. While Plaintiff has conceded some claims, the parties still dispute whether an amended Complaint can cure the remaining deficiencies [*See* Docs. 70, 93, and 95; Docs. 67, 86, 90]. Plaintiff has also filed a Motion to Amend [Doc. 92], and the parties have briefed that motion [Docs. 92, 100–03]. Under these circumstances, the Court declines to strike Defendants' Motions to Dismiss. *See Vittetoe v. Blount Cnty.*, 861 F. App'x 843, 849 (6th Cir. 2021) ("Vittetoe is correct that Blount County did not meet and confer prior to filing its motion to dismiss, which made the motion subject to being struck. She is, however, incorrect that 'subject to being stricken,' means 'must be stricken': the court retained discretion whether to strike. It did not err in declining to exercise that discretion.").

Given the findings above, the Court further finds Plaintiff's Motion to Enforce Orders moot as it is largely duplicative of his Motions to Strike.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Strike Sevierville Defendants' Partial Motion to Dismiss [**Doc. 81**], **DENIES** Plaintiff's Motion to Strike Defendants Panda Express, Inc.'s and Jessica Romero's Motion to Dismiss for Violation of Order Governing

---

[3] Plaintiff claims that Defendants Panda Express and Romero falsely reported to the Court in their meet-and-confer certification that Plaintiff had not responded to their November 18 Letter [Doc. 97 p. 3 (citing Doc. 67 p. 2)]. They represented, "On November 18, 2025, Defendants sent a letter to Plaintiff advising that all claims against Panda Express and Ms. Romero were subject to dismissal under Rule 12(b)(6), and inquired whether Plaintiff would voluntarily dismiss the claims so that this Motion could be avoided. As of the time of filing, Plaintiff has not responded, and thus, has not advised whether an amendment could cure the deficiencies identified by Defendants" [Doc. 67 p. 1]. But Plaintiff had not responded to whether he would voluntarily dismiss the claims. Therefore, Defendants Panda Express and Romero's certification does not contain false statements.

Motions to Dismiss [**Doc. 86**], and **DENIES AS MOOT** Plaintiff's Motion to Enforce Orders [**Doc. 99**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge